| | | |
|---|---|---|
| QUALITY CRAFT INDUSTRIES INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CASE NO. 6:11-cv-03213-MJW |
| | § | |
| SOUTHERN MARKETING AFFILIATES, | § | |
| INC., | § | **JURY TRIAL REQUESTED** |
| | § | |
| DEFENDANT. | § | |

## DEFENDANT SOUTHERN MARKETING AFFILIATES, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Southern Marketing Affiliates, Inc. ("SMA"), by and through its attorneys, for its Answer and Affirmative Defenses to the Complaint of Plaintiff Quality Craft Industries Inc. ("QCI"), states as follows:

## PARTIES

1. SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies those allegations.

2. SMA admits the allegations in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. SMA admits that this Court has subject matter jurisdiction over this action but denies any allegations of trademark infringement and/or unfair competition.

4.     SMA admits that this Court has personal jurisdiction over SMA.  SMA admits that venue is proper in this district but denies that any events or omissions have occurred that would give rise to any claims.

## FACTUAL BACKGROUND

5.     SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies those allegations.

6.     SMA admits that U.S. Trademark Registration No. 3,930,484 was issued, and is attached as Exhibit A to the Complaint.  SMA is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and therefore denies those allegations.

7.     SMA is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies those allegations.

8.     SMA denies the allegations in Paragraph 8 of the Complaint.

9.     SMA denies the allegations in Paragraph 9 of the Complaint.

10.     SMA admits that QCI did not authorize Defendant's tool boxes but denies that Defendant needed QCI's authorization.

11.     SMA admits that on or about February 11, 2011 Montezuma Mfg., Inc. sent a letter to SMA, and further states that said letter "speaks for itself".

12.     SMA admits that U.S. Trademark Registration No. 3,930,484 was registered on March 15, 2011 by the U.S. Patent and Trademark Office.

13. SMA denies the allegations in Paragraph 13 of the Complaint.

14. SMA denies the allegations in Paragraph 14 of the Complaint.


## CAUSES OF ACTION

### COUNT I – FEDERAL TRADEMARK INFRINGEMENT

15. SMA incorporates by reference its responses to paragraphs 1 to 14, inclusive, as though fully set forth herein.

16. SMA denies the allegations in Paragraph 16 of the Complaint.

17. SMA denies the allegations in Paragraph 17 of the Complaint.


### COUNT II – UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE DESCRIPTION AND REPRESENTATIONS

18. SMA incorporates by reference its responses to paragraphs 1 to 17, inclusive, as though fully set forth herein.

19. SMA denies the allegations in Paragraph 19 of the Complaint.

20. SMA denies the allegations in Paragraph 20 of the Complaint.


### COUNT III – TRADE DRESS INFRINGEMENT

21. SMA incorporates by reference its responses to paragraphs 1 to 20, inclusive, as though fully set forth herein.

22. SMA denies the allegations in Paragraph 22 of the Complaint.

23. SMA denies the allegations in Paragraph 23 of the Complaint.

## COUNT IV – COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

24. SMA incorporates by reference its responses to paragraphs 1 to 23, inclusive, as though fully set forth herein.

25. SMA denies the allegations in Paragraph 25 of the Complaint.

26. SMA denies the allegations in Paragraph 26 of the Complaint.

## PRAYER FOR RELIEF

SMA denies that QCI is entitled to the relief sought or any other relief whatsoever.

## <u>AFFIRMATIVE DEFENSES</u>

SMA asserts the following affirmative defenses to the causes of action asserted in the Complaint:

A.     SMA denies any allegations in the Complaint not specifically admitted above.

B.     The Complaint fails to state a claim upon which relief can be granted.

C.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

D.     Plaintiff's claims are barred in whole or in part by the doctrines of trademark misuse and unclean hands.

E.     Plaintiff's asserted registration was procured by fraud.

F.     Plaintiff's asserted marks are not distinctive and have not acquired secondary meaning.

G.     Plaintiff's asserted marks are functional.

H.     SMA has not infringed and is not infringing any valid trademark possessed by Plaintiff.

I.     SMA expressly reserves the right to assert additional defenses as they become known through further investigation and/or discovery.

WHEREFORE, SMA respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment against Plaintiff and in favor of SMA, declare that this is an exceptional case, award SMA its attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1117, and provide such other and further relief as the Court deems just and proper.

## JURY DEMAND

Southern Marketing Affiliates, Inc. demands trial by jury on all issues in the Complaint so triable.

DATED:  March 1, 2012.

/s/ John F. Booth
John F. Booth, Texas Bar No. 00265000
BOOTH ALBANESI & SCHROEDER LLC
1601 Elm Street, Suite 1950
Dallas, Texas  75201-4744
(214) 220-0444 (telephone)
(214) 220-0445 (facsimile)
jbooth@ipoftexas.com

and

Laurence R. Tucker, Missouri Bar No. 24284
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri  64108-2617
(816) 221-3420 (telephone)
(816) 221-0786 (facsimile)

ATTORNEYS FOR SOUTHERN MARKETING
AFFILIATES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the CM/ECF registered participant(s) as identified on the Notice of Electronic Filing (NEF), and I hereby certify that I have mailed paper copies of the foregoing via United States Postal Service to the non-CM/ECF participants as identified on the NEF.

/s/ John F.  Booth